# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MICHAEL GOINS, ) | |
| ) | CIVIL ACTION NO. 3:08-3542-GRA-JRM |
| Petitioner, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| RAYMOND REED, Warden, ) | |
| Respondent. ) | |
| _____) | |

Petitioner, Michael Goins ("Goins"), is an inmate with the South Carolina Department of Corrections serving a sentence of ten (10) years for possession of crack cocaine with intent to distribute and possession of crack cocaine with intent to distribute in close proximity to a school. On October 21, 2008, Goins filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c) and (e) (D.S.C). Respondent filed a motion for summary judgment on December 22, 2008. An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered on December 23, 2008. Goins filed his response to the motion for summary judgment on December 31, 2008.

## **Background and Procedural History**

Goins pled guilty in Darlington County on January 24, 2006 pursuant to a negotiated plea. He was represented by Richard Jones, Esquire. A notice of appeal was filed (Res.Mem., Ex. 2), but appellate counsel wrote the South Carolina Court of Appeals indicating that Goins wished to dismiss (Res.Mem., Ex. 4), and the appeal was dismissed by order of November 8, 2006 (Res.Mem., Ex. 5).

Goins filed an application for post-conviction relief ("PCR"). He was represented by William J. Tuck, Esquire. The PCR court dismissed the application by order of October 9, 2007 and a notice of appeal was filed (Res.Mem., Ex. 6). A <u>Johnson</u>[1] petition for writ of certiorari dated July 7, 2008 was filed in the South Carolina Supreme Court by the South Carolina Commission on Indigent Defense (Res.Mem., Ex. 8). The petition remains pending before the Supreme Court.

In his present case, Goins asserts that he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:** Ineffective Assistance of Counsel in Violation of the Sixth Amendment.

**Supporting Facts:** 1) Counsel's failure to challenge the illegal search and seizure in violation of Petitioner's 4th Amendment right. 2) Counsel gave erroneous advice as to the law on search and seizures that induced Petitioner's plea. 3) Counsel's failure to go forward with the suppression hearing. (I.E. See Transcript of P.C.R.)

**Ground Two:** Involuntary Guilty Plea

**Supporting Facts:** Petitioner Plea of Guilty was induced due to counsel's erroneous advice about the applicable law. 2) Petition plea of guilty was a result of ineffective assistance of counsel.

Respondent asserts that the present petition should be dismissed without prejudice to allow Goins to exhaust his claims in state court.

A state prisoner is required to fully exhaust his state remedies before seeking review in the federal courts. Title 28 U.S.C. § 2254(b)(1) states:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court, shall not be granted unless it appears that

---

[1] <u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988); <u>see also</u> <u>Anders v. California</u>, 386 U.S. 738 (1967).

2

> (A) the applicant has exhausted the remedies available in the courts of the State.

The exhaustion doctrine is a matter of comity, allowing the state courts to address constitutional claims before they are presented to the federal courts. Roe v. Lundy, 455 U.S. 509 (1982). If the prisoner has the right to proceed in state court he "shall not be deemed to have exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(c).

Goins' claims are clearly unexhausted. In his petition he indicated that he appealed the denial of his PCR but does not state the "result" (Petition, p. 7). In his Roseboro response, Goins does not dispute that his appeal is pending, but argues that he has exhausted his state remedies pursuant to In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 471 S.E.2d 454 (1990). However, that case merely indicates that a prisoner is not required to seek a writ of certiorari to the South Carolina Supreme Court after a rejection by the South Carolina Court of Appeals in order to exhaust his state remedies. This case is not applicable to Goins' case, since it appears from the record that his petition for writ of certiorari is pending in the South Carolina Supreme Court.

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted** and the petition **dismissed** without prejudice so Petitioner can proceed in state court.

_____
Joseph R. McCrorey
United States Magistrate Judge

March 2, 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).